UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RICHARD WAHMANN, JR.,

                Plaintiff,

v.

SUDEEP KAUR, a non-judicial employee for
Queens Family Court, FRAN L. LUBOW, Judge
for Queens Family Court, DONNIAL HINDS,
lawyer employed by New York State and Local
Retirement Systems, and NEW YORK STATE
AND LOCAL RETIREMENTSYSTEMS,

                Defendants.

**MEMORANDUM & ORDER**
15-CV-4326 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On July 23, 2015, Plaintiff Richard Wahmann, Jr., appearing *pro se*, filed this action against Defendants Sudeep Kaur, Fran L. Lubow, Donnial Hinds and New York State and Local Retirement Systems ("NYSLRS"). Defendants now move to dismiss the Complaint in its entirety. For the reasons discussed below, the Court grants Defendants' motion and dismisses the Complaint.

### I. Background

The Court assumes the truth of the allegations as set forth in the Complaint for purposes of deciding Defendants' motion to dismiss. Since filing his Complaint on July 23, 2015, (Docket Entry No. 1), Plaintiff has filed numerous papers including a "Supplemental Complaint" (Docket Entry No. 4), affidavits with proposed orders (Docket Entry Nos. 7 and 12), and motions for "Writ of Mandamus" (Docket Entry Nos. 13 and 19). Plaintiff appears to challenge child support determinations entered in proceedings before the Family Court of the State of New York,

County of Queens. Specifically, Plaintiff challenges orders entered by Sudeep Kaur, a Family Court Support Magistrate, and by Fran L. Lubow, a Family Court Judge.[1] (Compl. 2–4, ¶ 1–2.)[2] Plaintiff further challenges the deduction of $3675 from his $7325 monthly pension to satisfy his child support obligations pursuant to orders issued by the Family Court and seeks to sue Donnial Hinds, a lawyer employed by NYSLRS, and NYSLRS for executing the income-withholding order resulting in the deduction of $3675 from his monthly pension. (*Id.* at 4–5, ¶ 3.) Plaintiff seeks to "void orders issued" by the Family Court, (*id.* at 8, ¶ 1–2), to order NYSLRS to cease the $3675 deduction of his pension, (*id.* at 8, ¶ 3), and $885,000 in damages, (*id.* at 12, ¶ 4).

## II. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). A plaintiff asserting subject matter jurisdiction has the burden to prove that it exists, and in evaluating whether the plaintiff has met that burden, "[t]he court must

---

[1] Plaintiff attaches a September 24, 2014 Order Modifying an Order of Support to his Complaint, and several other orders to some of the documents submitted by Plaintiff. The Court considers these orders as incorporated by reference to the Complaint or integral to the Complaint since Plaintiff is challenging the enforcement of these orders. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (citation and internal quotation marks omitted)); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (citation omitted) (recognizing that "on a motion to dismiss a court may consider" documents integral to the complaint).

[2] Because Plaintiff's Complaint does not contain consecutively numbered paragraphs, the Court references both the page and paragraph numbers when citing to the Complaint.

take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Morrison*, 547 F.3d at 170.

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the court "remain[s] obligated to construe a *pro se* complaint liberally").

### III. Discussion

Defendants move to dismiss the Complaint in its entirety arguing that the Court lacks subject matter jurisdiction to review the state court orders challenged by Plaintiff because (1) the *Rooker-Feldman* doctrine bars review, (2) claims against Lublow and Kaur are barred by judicial immunity, (3) claims against the individual Defendants are barred by qualified immunity, (4) claims against the individual Defendants in their official capacities and against the NYSLRS are barred by sovereign immunity, and (5) Plaintiff has failed to state a claim. As discussed below, the Court concludes that it lacks jurisdiction to adjudicate Plaintiff's claims because of the domestic relation exception and the *Rooker-Feldman* doctrine, and, in addition, notes that the

claims against Lublow and Kaur are barred by judicial immunity and the claims against NYSLRS and the individual Defendants in their official capacities are barred by sovereign immunity.

### a. Domestic relation exception

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); see also *United States v. Windsor*, 570 U.S. ---, ---, 133 S. Ct. 2675, 2691 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); see also *Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)); *Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] *In re Burrus*, 136 U.S. 586 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation."); *Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack[] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children.'" (alterations in original) (quoting *Abidekun v. N.Y.C. Bd. of Educ.*, No. 94-CV-4308, 1995 WL 228395, at *1 (E.D.N.Y.

4

Apr. 6, 1995))).

Here, Plaintiff challenges orders entered by a Family Court Support Magistrate and a Family Court Judge modifying his child support obligations and he also challenges the NYSLRS' deduction of $3675 from his pension which is related to his child support obligations. (*See generally* Compl.) The Court cannot review Plaintiff's claims as they are a matter of state domestic relations law. *See Donahue v. Pataki,* 28 F. App'x 59, 60–61 (2d Cir. 2002) (collecting cases and finding that federal courts lack jurisdiction over child support payments); *Joseph v. Stewart*, No. 13-CV-1678, 2013 WL 3863915, at *2 (E.D.N.Y. July 24, 2013) (dismissing challenge to child support enforcement for lack of subject matter jurisdiction); *Csikota v. Tolkachev*, No. 08-CV-5283, 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) (adopting report and recommendation) ("The [domestic relations] exception has consistently been applied to child support judgments as well." (collecting cases)).

### b. *Rooker-Feldman* doctrine

Furthermore, because Plaintiff seeks to vacate decisions entered by the state court — determinations by a Family Court Support Magistrate and a Family Court Judge as to his child support obligations — this Court cannot grant him such relief. Under the *Rooker-Feldman* doctrine, federal courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (denying relief "[t]o the extent that

[the plaintiff] only seeks a declaration that his state conviction is invalid, [because the plaintiff] seeks nothing more than review of a state court judgment"); *Galtieri v. Kelly*, 441 F. Supp. 2d 447, 453 (E.D.N.Y. 2006) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005))). "Courts have repeatedly invoked [*Rooker-Feldman*] in cases . . . in which plaintiffs challenge family court decrees setting child support arrears." *Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015) (alterations in original) (collecting cases); *see also Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *3–5 (E.D.N.Y. Nov. 5, 2014) (dismissing *pro se* complaint challenging child support arrears under *Rooker-Feldman* doctrine, as well as domestic relations exception (citations omitted)).

Specifically, the *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim when that plaintiff is "complaining of injuries caused by state-court judgments rendered prior to the commencement of district court proceedings and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also McKithen v. Brown*, 626 F.3d 143, 154–55 (2d Cir. 2010) (explaining the rule in *Exxon* and rejecting as-applied challenge to New York state law which invited review of New York state court judgment). The underlying theory justifying this doctrine is "the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85; *see also Williams v. 2720 Realty Co.*, No. 12-CV-6408, 2013 WL 55685, at *2 (E.D.N.Y. Jan. 3, 2013) ("[O]nly the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments."). Under the *Rooker-Feldman* doctrine, federal courts must

6

abstain from considering claims when the following four requirements are met:

> (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

*McKithen*, 626 F.3d at 154. The first and fourth requirements are known as procedural requirements, whereas the second and third are seen as substantive requirements. *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010).

The procedural requirements are met here, as Plaintiff directly challenges the decisions of the state court Magistrate and Judge deciding the amount of his monthly child support payment. Plaintiff alleges that Kaur's orders from June 15, 2012, March 22, 2013 and September 24, 2014, interfered with his "right to property" and "caused the theft of $3675 a month." (*See* Compl. ¶ 1.) Plaintiff also alleges that Lubow's order from September 19, 2012, failed to "uphold [his] property rights" and permitted a "trespass upon [him]." (*Id.* ¶ 2.) The substantive requirements are also met, as Plaintiff alleges that that his injuries arise from the state court order requiring him to pay $3675 from his $7325 monthly pension to satisfy his child support obligations. *See Kneitel*, 2015 WL 3607570, at *7; *Fernandez*, 2014 WL 5823116, at *5.

Accordingly, because the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine both preclude the Court's exercise of jurisdiction over Plaintiff's claim, the Complaint is dismissed for lack of subject matter jurisdiction.[3]

---

[3] The Court notes that even if it was not deprived of jurisdiction over this matter based on the domestic relations exception and the *Rooker-Feldman* doctrine, the Complaint would still fail against Kaur and Lubow based on judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. . . . [E]ven allegations of bad faith or malice cannot overcome judicial immunity."); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate

## IV. Conclusion

For the reasons discussed above, the Complaint is dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to the domestic relations exception and the *Rooker-Feldman* doctrine. Fed. R. Civ. 12(h)(3).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 2, 2015
      Brooklyn, New York

---

assessment of damages." (citation omitted)); *Butz v. Economou*, 438 U.S. 478, 514 (1978) (holding that persons "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts"). Plaintiff's Complaint against the NYSLRS and the individual Defendants in their official capacity also fails based on the Eleventh Amendment sovereign immunity which bars federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citation omitted)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) (same); *Mamot v. Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("The Eleventh Amendment bars such a federal [civil rights] action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. It is well-established that New York has not consented to [such] suits in federal court . . . ." (citations omitted)); *McGinty v. New York*, 251 F.3d 84, 100 (2d Cir. 2001) (holding that NYSLRS is an "arm of the state" entitled to invoke the Eleventh Amendment immunity).

8