UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

RICHARD WAHMANN, JR.,

                Plaintiff,

v.

SUDEEP KAUR, a non-judicial employee for
Queens Family Court, FRAN L. LUBOW, Judge
for Queens Family Court, DONNIAL HINDS,
lawyer employed by New York State and Local
Retirement Systems, and NEW YORK STATE
AND LOCAL RETIREMENTSYSTEMS,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-4326 (MKB)

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On July 23, 2015, Plaintiff Richard Wahmann, Jr., proceeding *pro se*, commenced this action against Defendants Sudeep Kaur, Fran L. Lubow, Donnial Hinds and the New York State and Local Retirement Systems ("NYSLRS"). On October 21, 2015, Defendants moved to dismiss the Complaint. (Defs. Mot. to Dismiss, Docket Entry No. 27.) By Memorandum and Order dated November 2, 2015, the Court granted Defendants' motion and dismissed the Complaint for lack of subject matter jurisdiction (the "November 2015 Decision"). *Wahmann v. Kaur*, No. 15-CV-4326, 2015 WL 6680220 (E.D.N.Y. Nov. 2, 2015). The Clerk of Court closed the case on November 2, 2015. (J. dated Nov. 2, 2015, Docket Entry No. 41.) Plaintiff moves for relief from the judgment and, in effect, seeks reconsideration of the Court's November 2015 Decision. (Pl. Mot. for Summ. J. Dismissal Relief ("Pl. Mot."), Docket Entry No. 43.) For the reasons discussed below, the Court denies Plaintiff's motion.

I. **Background**

The Court assumes familiarity with the facts as set forth more fully in the November 2015 Decision. *Wahmann*, 2015 WL 6680220, at *1. The Court provides a summary of the pertinent facts.

Plaintiff seeks to vacate certain "void" court orders related to his child support obligations entered in proceedings before the Family Court of the State of New York, County of Queens. (Compl. 8, ¶¶ 1–3.)[1] Plaintiff alleged that Kaur, a Family Court Support Magistrate, entered an order modifying Plaintiff's child support obligations using "forged documents made to resemble a court order," and that Lubow, a Family Court Judge, "failed to vacate the forgeries created by [Kaur]."[2] (*Id.* at 2–4, ¶¶ 1–2.) Plaintiff also alleged that Hinds and NYSLRS violated Plaintiff's constitutional rights by "enforc[ing] unenforceable court orders." (*Id.* at 4–5, ¶ 3.)

II. **Discussion**

   a. **Standards of review**

      i. **Rule 60(b)(3) and (4)**

Federal Rule of Civil Procedure 60(b) allows a court to provide relief from a final judgment, order, or proceeding where there has been "(3) fraud . . . , misrepresentation, or

---

[1] Because the Complaint and motion do not contain consecutively numbered paragraphs, the Court references both page and paragraph numbers when citing to the Complaint and the motion.

[2] Plaintiff attached to the Complaint the orders from Kaur and Lebow. (Exs. A–B, annexed to Compl.) Because Plaintiff is challenging the enforcement of these orders, the Court considers them to be incorporated by reference into the Complaint and integral to the Complaint. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (alteration, citation and internal quotation marks omitted)); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (recognizing that "on a motion to dismiss a court may consider" documents integral to the complaint (citation omitted)).

misconduct by an opposing party" or "(4) the judgment is void." Fed. R. Civ. P. 60(b). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "must be made within a reasonable time," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal," *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

"Rule 60(b)(3) motions 'cannot serve as an attempt to relitigate the merits' and may only be granted when the movant establishes a material misrepresentation or fraud by 'clear and convincing evidence.'" *ACE Inv'rs, LLC v. Rubin*, 561 F. App'x 114, 117 (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). In order to obtain relief pursuant to Rule 60(b)(3), a party must show that its adversary committed fraud in obtaining the judgment entered by the court, and it may not rely on allegations of fraud concerning an underlying proceeding. *Clovis v. Herald Co.*, No. 89-CV-703, 1993 WL 56017, at *2 n.1 (N.D.N.Y. Mar. 1, 1993). Furthermore, a motion under Rule 60(b)(3) may fail if "the proffered evidence is irrelevant to the ultimate outcome." *Latimore v. NBC Universal Inc.*, 489 F. App'x 521, 521 (2d Cir. 2013) (first citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370 392–95 (2d Cir. 2001); and then citing *Fleming*, 865 F.2d at 485). "Relief from a judgment pursuant to Rule 60(b)(4) is not warranted 'simply because [the judgment] is or may have been erroneous.'" *Estate of Shefner*

3

*ex rel. Shefner v. Beraudiere*, 582 F. App'x 9, 12 (2d Cir. 2014) (alteration in original) (quoting *U.S. Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010)). "Rather, Rule 60(b)[(4)] relief is appropriate only 'in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives the party of notice or an opportunity to be heard.'" *Id.* (quoting *Espinosa*, 559 U.S. at 270); *see also Williams v. City Univ. of N.Y.*, 590 F. App'x 84, 85 (2d Cir.) (same), *cert. denied sub nom. Williams v. City Univ. of N.Y., Brooklyn Coll.*, 136 S. Ct. 253 (2015); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (citation and internal quotation marks omitted)).

    **ii. Reconsideration**

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("To warrant reconsideration, a party must 'point to controlling decisions or data that the court overlooked — matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader*, 70 F.3d at 257)).

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

b. **The November 2015 Decision**

In the November 2015 Decision, the Court dismissed the Complaint for lack of subject

matter jurisdiction. *Wahmann*, 2015 WL 6680220, at *4. The Court found that, because Plaintiff was challenging state-court orders determining his child support obligations, the *Rooker–Feldman* doctrine and the domestic relations exception precluded the Court from exercising jurisdiction over Plaintiff's claim. *Id.* at *2–4 (collecting cases). The Court also noted that even if it had jurisdiction to adjudicate this action, Plaintiff's claims against Lublow and Kaur would be barred by judicial immunity and Plaintiff's claims against NYSLRS and the individual Defendants in their official capacity would be barred by state sovereign immunity. *Id.* at *4 n.3.

### c. Plaintiff's motion to vacate the judgment

Plaintiff moves for relief from the judgment and, in substance, reconsideration of the November 2015 Decision. Plaintiff's motion is vague and unclear, but Plaintiff appears to argue that the Court "misrepresent[ed] the facts to imply that [Plaintiff] is seeking to reargue a properly adjudicated state judgment." (Pls. Mot. 3, ¶ 8.) Plaintiff alleges that Kaur is a "non[-]judicial person and is not authorized to tamper or modify a private stipulation of settlement agreement." (*Id.* at 7, ¶ 2.) Plaintiff also alleges that Kaur, "while criminally impersonating" a New York State judge, issued "forged instruments purporting to be a court order[]," which "unlawfully altered and modified the terms of the stipulation of settlement agreement" between Plaintiff and his former wife. (*Id.* at 3, ¶ 8; 4, ¶¶ 9–10.) Plaintiff argues that these "forged instruments" are not "properly adjudicated state judgment[s]" and that the *Rooker–Feldman* doctrine "is not relevant with [a] purported state judgment procured by fraud." (*Id.* at 7, ¶ 1.)

#### i. Plaintiff has not presented a basis to vacate the judgment pursuant to Rule 60(b)(3) and (4)

Plaintiff moves to vacate the judgment pursuant to Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure. (Pl. Mot. 4 (citing Fed. R. Civ. P. 60(b)(3), (4)).)

6

Plaintiff appears to allege that Kaur committed fraud when she entered an order modifying his child support obligations because Kaur is a "non[-]judicial employee" who was "impersonating a New York State Judge." (Pl. Mot. 4.) Plaintiff thus argues that pursuant to Rule 60(b)(3), the "purported state judgments [were] procured by fraud" and are "forgeries." (Pl. Mot. 7, ¶ 1; 7–8, ¶¶ 3–4.) Plaintiff is attempting to relitigate the merits of his fraud claim, but cannot do so pursuant to Rule 60(b)(3). *See ACE Inv'rs*, 561 F. App'x at 117 ("Rule 60(b)(3) motions 'cannot serve as an attempt to relitigate the merits' . . . ." (quoting *Fleming*, 865 F.2d at 484)); *Mitchell v. Senkowski*, 246 F.R.D. 419, 421 (N.D.N.Y. 2007) ("Plaintiff is barred from now bringing his prior litigated claim of perjury under the guise of a Rule 60(b)(3) motion. Plaintiff not only had the opportunity to litigate his perjury claim, but the [c]ourt entered judgment on the claim."). Plaintiff included these allegations in the Complaint as the basis for his fraud claim, (*see* Compl. 2–3, ¶ 1), and the Court considered these allegations in dismissing the Complaint, *Wahmann*, 2015 WL 6680220, at *4. Moreover, Plaintiff has failed to present evidence that Defendants acted fraudulently in obtaining the judgment in this action, as required by Rule 60(b)(3). The fact that Plaintiff believes the underlying state-court judgments are fraudulent is not a basis for relief pursuant to Rule 60(b)(3). *See Clovis*, 1993 WL 56017, at *2 n.1 (denying the plaintiff's Rule 60(b)(3) motion because "there [wa]s no evidence that [the] defendants acted fraudulently" in obtaining the judgment entered by the district court, and noting that "the issue [wa]s not whether [the] defendants fraudulently obtained their state court judgment against [the] plaintiff"); *see also In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 875 (D.C. Cir. 2014) (noting the difference between "fraud or misstatements that are committed during the course of a commercial transaction" and "fraud or misstatements perpetrated in the course of litigation," and stating that the "former type of fraud 'is the subject-matter of

litigation'" while "Rule 60(b)(3) is concerned with 'fraud perpetrated in the course of litigation'" (quoting *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005)); *Roger Edwards*, 427 F.3d at 134 (noting "that to allow a Rule 60(b)(3) fraud claim on the basis of 'the fraud underlying [the plaintiffs'] claim' would 'impermissibly give those plaintiffs a second bite at the apple'" (alteration in original) (quoting *Optimal Health Care Servs., Inc. v. Travelers Ins. Co.*, 801 F. Supp. 1558, 1561 (E.D. Tex. 1992))).

Plaintiff also alleges that Kaur lacked jurisdiction to modify Plaintiff's child support obligations, and as a result, Kaur's orders are void. (Pl. Mot. 4, ¶ 10; 7, ¶ 2.) The fact that Plaintiff believes that the underlying state-court judgments are void is not a basis for relief pursuant to Rule 60(b)(4). Plaintiff's challenge to the legitimacy of the state court's authority to enter orders modifying Plaintiff's child support obligations does not support Plaintiff's claim that the judgment entered in the instant case before the Court is void pursuant to Rule 60(b)(4). In order to obtain relief pursuant to Rule 60(b)(4), Plaintiff must show that the Court committed a jurisdictional error or violated his due process rights in rendering the November 2015 Decision, which resulted in the judgment dismissing the case. *See Grace*, 443 F.3d at 193 ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (citation and internal quotation marks omitted)); *see also Sanchez v. MTV Networks*, 525 F App'x 4, 6 (2d Cir. 2013) (same); *Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trustees for Vill. of Airmont*, 301 F. App'x 14, 16 (2d Cir. 2008) ("[T]he impropriety of the settlement stipulation under state law would not render the order of a federal court enforcing the settlement *ipso facto* void and therefore subject to challenge under Rule 60(b)(4)."). Because Plaintiff has failed to show that the Court committed a jurisdictional error

or violated his due process rights, he has not presented a basis for vacating the judgment pursuant to Rule 60(b)(4).

### ii. Plaintiff has not identified any facts or law overlooked by the Court

In his motion for reconsideration, Plaintiff argues that the Court improperly relied on the *Rooker–Feldman* doctrine in dismissing the Complaint. (Pl. Mot. 7, ¶ 1.) Plaintiff asserts that "the *Rooker–Feldman* [doctrine] is not relevant with purported state judgments procured by fraud." (*Id.*)

In the November 2015 Decision, the Court dismissed the Complaint after determining that it lacked subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine and the domestic relation exception. *Wahmann*, 2015 WL 6680220, at *4. The Court explained that the *Rooker–Feldman* doctrine, which divests federal courts of subject matter jurisdiction over claims that seek review of adverse state-court judgments, has been "repeatedly invoked in cases in which plaintiffs challenge family court decrees setting child support arrears," *id.* at *3 (alterations omitted) (quoting *Kneitel v. Palos*, No. 15–CV–2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015)), and that the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees," *id.* at *2 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004)).

Plaintiff fails to identify any controlling law that the Court overlooked in reaching its conclusion that Plaintiff's action is barred by the *Rooker–Feldman* doctrine. Plaintiff argues instead that because the *Rooker–Feldman* doctrine is "not relevant with purported state judgments procured by fraud," the Court misapplied the law when it held that the *Rooker–Feldman* doctrine precluded the Court from exercising jurisdiction over Plaintiff's claims. (Pl. Mot. 7, ¶ 1.) Plaintiff's disagreement with the Court's decision that the

9

*Rooker–Feldman* doctrine applies to preclude his claims is an insufficient basis to warrant reconsideration. *See E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) ("[A] mere disagreement with the Court's legal determination is not a valid basis for reconsideration.").

Moreover, Plaintiff's argument fails because the Second Circuit "has never recognized a blanket fraud exception to *Rooker–Feldman*." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 187 (2d Cir. 1999); *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010) (noting that the Second Circuit has "clarified that there is no 'blanket fraud exception to *Rooker–Feldman*'" (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002))), *aff'd*, 446 F. App'x 360 (2d Cir. 2011). Thus, even where a plaintiff alleges that a state-court judgment is void because it was fraudulently procured, "if adjudication of [the plaintiff's] claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment," and the *Rooker–Feldman* doctrine precludes the federal court from exercising subject matter jurisdiction. *Kropelnicki*, 290 F.3d at 129 (The plaintiff's requested "ruling would effectively declare the state court judgment fraudulently procured and thus void. This is precisely the result that the *Rooker–Feldman* doctrine seeks to avoid . . . ."); *see also Johnson*, 189 F.3d at 187 (noting that, where a "plaintiff seeks in effect to set aside [a] state court's order" based on allegations "that fraud has been perpetrated on the court," the "plaintiff should seek [a] remedy in state court, rather than federal court" (citation and internal quotation marks omitted)).

Here, Plaintiff challenges the authority of the state court judges to issue the orders that modified his child support obligations. (Pl. Mot. 7, ¶ 2.) Therefore, Plaintiff's fraud allegations are inextricably intertwined with the underlying state-court dispute regarding his child support

obligations. *See Kropelnicki*, 290 F.3d at 129. To the extent Plaintiff believes the state-court orders were procured fraudulently, he must seek a remedy in state court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (holding that "to the extent [the plaintiff] asks the federal court to grant him" his requested remedy because the state-court "judgment was obtained fraudulently, *Rooker–Feldman* bars" his claim because it "invites review and rejection" of the state-court judgment by "asking the federal court to determine whether the state judgment was wrongfully issued"); *Gunn v. Ambac Assur. Corp.*, No. 11-CV-5497, 2012 WL 2401649, at *12 (S.D.N.Y. June 26, 2012), ("Asking this Court to remedy the failings of the 'local courts' falls squarely within the scope of review that the *Rooker–Feldman* doctrine prohibits, notwithstanding the allegation that those judgments were procured by fraud."), *report and recommendation adopted*, No. 11-CV-5497, 2012 WL 3188849 (S.D.N.Y. Aug. 6, 2012); *Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145, 2009 WL 5178654, at *6 (S.D.N.Y. Dec. 23, 2009) ("[A]lthough [the p]laintiffs' legal theory sounds in fraud, the harm they seek to remedy is in fact the New York Supreme Court's judgment . . . . This Court does not have jurisdiction either to overturn the New York Supreme Court's decision . . . . Accordingly, [the p]laintiffs' fraud claim is dismissed with prejudice under *Rooker–Feldman*."), *aff'd sub nom. Webster v. Penzetta*, 458 F. App'x 23 (2d Cir. 2012).[3]

---

[3] Plaintiff similarly appears to argue that because he alleges that the state-court orders were procured fraudulently, the domestic relations exception does not bar his claims. (Pl. Mem. 8, ¶ 4.) The Court has not overlooked any controlling law. Moreover, Plaintiff's conclusory allegations of fraud do not limit the application of the domestic relations exception. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (holding that a plaintiff "cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a [fraud] claim for monetary damages," where the "claims begin and end in a domestic dispute"); *Keane v. Keane*, No. 08-CV-10375, 2012 WL 6582380, at *2 (S.D.N.Y. Dec. 17, 2012) ("[T]his Court is unable to exercise subject matter jurisdiction over [the] plaintiff's claims because they 'begin and end in a domestic dispute;' even though she is seeking only monetary damages. Indeed, a

Furthermore, as the Court found in the November 2015 Decision, even if the Court had subject matter jurisdiction over this action, judicial immunity bars Plaintiff's claims against Kaur and Lubow, and Eleventh Amendment state sovereign immunity bars his claims against NYSLRS and his claims for monetary damages against Kaur and Lubow in their official capacity. *See Mamot v. Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("The Eleventh Amendment bars such a federal [civil rights] action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. It is well-established that New York has not consented to [such] suits in federal court . . . ." (citations omitted)); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. . . . [E]ven allegations of bad faith or malice cannot overcome judicial immunity."); *McGinty v. New York*, 251 F.3d 84, 100 (2d Cir. 2001) (holding that NYSLRS is an "arm of the state" entitled to invoke the Eleventh Amendment immunity).

Plaintiff has not shown that the Court overlooked controlling law in reaching its conclusion that Plaintiff's action is barred by the *Rooker–Feldman* doctrine and the domestic relations exception. Accordingly, reconsideration of the November 2015 Decision is denied.

---

review of [the] plaintiff's claims reveals that although she seeks only monetary damages, her claims are nonetheless domestic relations disputes recast as claims for fraud."), *aff'd*, 549 F. App'x 54 (2d Cir. 2014); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 517 (E.D.N.Y. 2010) (noting that the domestic relations exception deprives federal courts of "jurisdiction over claims that 'begin and end in a domestic dispute,' even if the plaintiff is seeking only monetary damages" for fraud claims (quoting *Schottel*, 2009 WL 230106, at *1), *aff'd*, 434 F. App'x 32 (2d Cir. 2011). Plaintiff's challenge to the "void" court orders related to his child support obligations seeking monetary damages is a domestic dispute recast as a fraud claim and cannot be adjudicated by the Court.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion to vacate the judgment or to reconsider the November 2015 Decision dismissing Plaintiff's Complaint.

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 20, 2016
      Brooklyn, New York